**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JIM NAVARRO,<br><br>                Plaintiff,<br><br>vs.<br><br>POST MASTER GENERAL AND CEO, et al.,<br><br>                Defendants. | Case No. 2:13-cv-00835-RCJ-NJK<br><br>**ORDER**<br><br>(IFP App - Dkt. #1) |

      Plaintiff Jim Navarro is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1-1) on May 13, 2013. This proceeding was referred to this court by Local Rule IB 1-9.

**I.**    *In Forma Pauperis* **Application**

      Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.**    **Screening Pursuant to 28 U.S.C. § 1915A**

      Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment*. See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

...

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The Complaint was filed on the Court's form civil rights complaint pursuant to 42 U.S.C. § 1983, but the Plaintiff makes no claims of section 1983 violations. Further, Plaintiff claims are alleged against federal, not state employees. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

**III.   Screening of the Complaint**

The Plaintiff's Complaint makes three cognizable allegations. First, the Post Office lost, and then did not help him find, some legal letters; second, the Post Office would not let him renew his post office box; and third, post office employee Pauline Vigil accepted certified mail on behalf of her family members

while on duty.[1] The Plaintiff's Complaint alleges three separate charges. The second two are criminal violations, which may not be properly alleged in a civil complaint such as this. The Plaintiff asserts that these alleged actions by the Post Office and its employees prevented him from winning a separate legal dispute.

Assuming all of these allegations are true, most of them do not indicate that a right secured by the Constitution has been violated. The Constitution does not afford the right to assistance in finding lost mail, the right to a post office box, nor the right to have sent mail picked up from the post office by a particular person.

However, the right to receive mail is protected by the First Amendment. *Lamont v. Postmaster General*, 381 U.S. 301 (1965). Thus, if the Plaintiff is homeless and has no other reasonable means of receiving mail, he might have a cognizable claim. *Currier v. Potter*, 379 F.3d 716, 730 (9th Cir. 2004) (Finding that plaintiff was not entitled to a no-fee post office box because the post office provided free general delivery to one location). The Plaintiff's Complaint, however, does not mention the First Amendment, nor does it adequately plead a First Amendment violation otherwise.

Thus, the Plaintiff has failed to state a claim upon which relief can be granted in his original Complaint. He has improperly alleged criminal violations in a civil complaint; he has alleged that civil rights which do not exist have been violated; and, he has not adequately plead a First Amendment violation, if that was his intent. Finally, the Plaintiff has not set out enough facts to allow the court to discern if he can cure the deficiencies in his Complaint. Therefore, the court will dismiss the Complaint without prejudice to give the Plaintiff an opportunity to amend.

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

...

---

[1] The Plaintiff asserts that this was improper conduct because he wanted the letters to be received by the family members.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have thirty (30) days from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

**Dated this 12th day of June, 2013.**

_____
**NANCY J. KOPPE**
**UNITED STATES MAGISTRATE JUDGE**