# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Jim Navarro,

    Plaintiff

    v.

Post Master General and CEO et al.,

    Defendants

Case No.: 2:13-cv-00835 -JAD-NJK

**Order Adopting Report and Recommendation [Doc. 4] and Dismissing Complaint [Doc. 3]**

Before the Court is Plaintiff Jim Navarro's 1983 civil rights action against employees of the United States Postal Service. Doc. 1-1; Doc 3. The Magistrate Judge in this case granted leave to proceed *in forma pauperis* and dismissed the Complaint for failure to state a claim upon which relief can be granted, with leave to amend, in her Order dated June 12, 2013. Doc. 2. Plaintiff filed a handwritten Amended Complaint on the same day, which is identical in form and content to his earlier handwritten Complaint.[1] *See* Doc 1-1; Doc. 3. On July 18, 2013, the Magistrate Judge entered a Report and Recommendation that recommended dismissing the case without prejudice. Doc. 4. Plaintiff has not objected to the Report and Recommendation.

When no timely objections are filed to a magistrate's report and recommendation on a dispositive matter, district courts may at their discretion determine the standard of review they apply.

---

[1] The Court is mindful that federal courts must "liberally construe the 'inartful pleading' of pro se litigants" like the plaintiff in the instant case. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

1

S*ee also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (writing that Congress never "intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." ); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citation omitted) (concluding that "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). The Court reviews the Report and Recommendation for clear error as to fact and for conclusions of law that are clearly erroneous.

## I.

### Discussion

Once *in forma pauperis* status is granted, federal courts must screen such matters to dismiss complaints that (1) are frivolous or malicious, (2) fail to state a claim upon which relief can be granted, or (3) seek monetary relief from immune defendants. *See* 28 U.S.C. § 1915(e)(2); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A pro se litigant may amend his complaint with "some notice" of the complaint's shortcoming "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson*, 809 F,2d 1146, 1148 (9th Cir. 1987)).

A frivolous complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The *in forma pauperis* statute goes beyond Federal Rule of Civil Procedure 12(b)(6) because it "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose is to afford defendants fair notice "of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted). Defending a complaint against Rule 12(b)(6) concerns "requires more than labels and conclusions"; it

calls on plaintiffs to plead factual allegations that are "enough to raise a right to relief above the speculative level." *Id.* (quoting 5 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)) (internal quotation marks omitted) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). This requires a plaintiff to state claims raising a plausible likelihood that the defendant engaged in misconduct for which the law—and courts—can offer relief.

A plaintiff must state his claim with enough facts, which the court will take as true and construe in the light most favorable to him, to be plausible on its face. *See id.* at 556, 570 (requiring complaints to raise a reasonable expectation that discovery will yield evidence of legal violations); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). Pleading facts "merely consistent with a defendant's liability" may suggest possible legal liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). It does not rise to the requisite level of plausibility. *Id.* Bare and unsubstantiated allegations will not suffice; there must be some substance on which courts might find defendants violating the law and thereby grant a legal or equitable remedy. Further, courts need not accept merely conclusory claims, unwarranted factual deductions, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 19984)).

Courts "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing Fed. R. Civ. P. 15(a); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)) (writing that "[i]n general, a court should liberally allow a party to amend its pleading."). The tendency of federal courts is to permit new chances: the Ninth Circuit states that "[t]his policy is to be applied with extreme liberality." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)) (internal quotation marks omitted). The Supreme Court also affirms that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

In the instant case, Plaintiff's second Complaint is identical to his first Complaint and, like the

first Complaint, it fails to state a claim upon which relief could be granted.  Even if the Court construes Plaintiff's allegations as a *Bivens* civil rights action against government officials acting under color of federal authority, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), rather than as a 42 U.S.C. § 1983 action against state officials, his case cannot survive.

## II.
## Conclusion

Accordingly, and with good cause appearing:

It is hereby ORDERED that the Magistrate Judge's Report and Recommendation **[Doc. 4]** is **ACCEPTED**.

It is further ORDERED that this action is **DISMISSED**.

The Clerk of Court shall enter judgment accordingly.

DATED November 19, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE